IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dea' Shawn Harrison | ) | Case No. 2:22-575-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Judge Housand, Scarlett Wilson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 9) recommending that the Court dismiss this action with prejudice and without service of process under 28 U.S.C. § 1915(e)(2)(B) because the claims asserted are plainly without legal merit. For the reasons set forth below, the Court adopts the R&R (except for Section III, Paragraph 4)[1] as the order of the Court and dismisses this action with prejudice and without issuance and service of process.

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983 against a judicial officer, Defendant Housand, and a prosecutor, Defendant Wilson, arising out of the performance of their official duties. Plaintiff asserts that Judge Housand set an excessive bond and that Ms. Wilson, the Solicitor of the Ninth Judicial Circuit, denied him due process because his court appearances were canceled from September 2020 until November 2021. On December 1, 2021, Plaintiff plead guilty to robbery and weapons charges.

---

[1] The Court declines to dismiss this action for failure to bring the complaint into proper form.

I. **Legal Standards**

   a. *Fed R. Civ. P. 12(b)(6)*

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." A claim survives the motion if the complaint provides enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This is a test of the legal sufficiency of the complaint and, therefore, Rule 12(b)(6) "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Instead, the district court's "inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. (internal quotation marks and citation omitted). For that analysis, the district court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"; however, it must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

   b. *Pro Se Pleadings*

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### c. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff did not file objections to the R&R, the R&R is reviewed for clear error.

## II. Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that this action should be dismissed with prejudice and without issuance and service of process. As correctly noted in the R&R, Plaintiff's complaint fails to state a claim upon which relief may be granted. First, Plaintiff's claim for monetary damages for allegations that question the validity of his recent convictions is barred by *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), where the conviction has not previously been invalidated. Second, the claim against Judge Housand is barred by judicial immunity. Third, the claim against Solicitor Wilson is barred by prosecutorial immunity.

### III. Conclusion

Based on the foregoing, the Court **ADOPTS** the R & R (Dkt. No. 9) as the order of the Court (except for Section III, Paragraph 4) and **DISMISSES** this action **WITH PREJDUICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

May 26, 2022
Charleston, South Carolina